UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD LELAND HARRINGTON,

Petitioner,

v.

MICHAEL OBENLAND,

Respondent.

CASE NO. 3:16-CV-05038-RBL-DWC

ORDER TO EXPAND THE RECORD

The District Court has referred this petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, to United States Magistrate Judge David W. Christel. The District Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction.

Petitioner challenges his 2010 conviction of second-degree rape of a child and two counts of third-degree rape of a child and raises eight grounds for relief. Dkt. 1. Respondent argues Grounds 1 and 2 should be denied as Petitioner has failed to demonstrate that the state court's adjudication of Petitioner's claims was contrary to, or involved an unreasonable application of, clearly established federal law and the six remaining grounds for relief are unexhausted and

1

procedurally barred. *See* Dkt. 9. In his Answer, Respondent states Petitioner filed a second personal restraint petition with the Washington Court of Appeals on September 9, 2015, which is proceeding under cause number 48080-8-II. Dkt. 9 at 5. Respondent contends he is "not a party to that proceeding and does not know what issues are being presented to the appellate court. [Petitioner's] § 2254 petition, however, refers to a pending personal restraint petition and states that it seeks relief from legal financial obligations only. *See* Petition (Dkt. No. 1) at 4, ¶11(c)." Dkt. 9 at 5, fn. 2. Respondent states on November 2, 2015, the Washington Court of Appeals stayed the personal restraint petition. *Id.* Respondent did not include a copy of petitioner's personal restraint petition (cause number 48080-8-II) in the state court record. *See* Dkt. 10.

Under Rule 5 of the Rules Governing Section 2254 and 2255 Proceedings, the respondent must file with the answer a copy of:

> (1) Any brief that the petitioner submitted in an appellate court contesting the conviction or sentence; or contesting an adverse judgment or order in a post-conviction proceeding; (2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and (3) opinions and dispositive orders of the appellate court relating to the conviction or sentence.

28 U.S.C. § 2254, Rule 5.  A demand for further documentation can be executed by court order *sua sponte* or by request of the petitioner. *See id.*

Accordingly, the Court orders Respondent to expand the state court record by filing Petitioner's pending personal restraint petition under Washington Court of Appeals cause number 48080-8-II. Respondent may supplement his Answer with up to two pages of additional briefing that remain after his 23-page Answer (s*ee* Dkt. 9). *See also* Local Court Rule 7(e)).

Respondent shall file the additional state court document by May 20, 2016.  Respondent's supplemental answer will be due on or before May 27, 2016.  Petitioner may file and serve a reply no later than June 10, 2016.

1    The Clerk's office is directed to re-note this petition for consideration on June 10, 2016.

2

3    Dated this 22nd day of April, 2016.

*[signature: David W. Christel]*

David W. Christel
United States Magistrate Judge